**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTOPHER BESASH<br>583 Main St, Floor 1<br>Harleysville, PA 19438 | :<br>:<br>:   CIVIL ACTION<br>: |
|      Plaintiff, | :   No.:<br>: |
|     v. | :<br>: |
| HARLEYSVILLE MATERIALS, LLC<br>460 Indian Creek Rd<br>Harleysville, PA 19438<br>    and<br>HARLEYSVILLE MATERIALS<br>HOLDING COMPANY, LLC<br>460 Indian Creek Rd<br>Harleysville, PA 19438<br>    and<br>THE MOUNT GROUP, LLC<br>427 S White Horse Pike<br>Berlin, NJ 08009<br>    and<br>MOUNT CONSTRUCTION COMPANY,<br>INC.<br>427 S White Horse Pike<br>Berlin, NJ 08009 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:   **JURY TRIAL DEMANDED**<br>:<br>:<br>: |
|      Defendants. | :<br>: |

**CIVIL ACTION COMPLAINT**

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1.      This action has been initiated by Christopher Besash (hereinafter referred to as "Plaintiff") against Harleysville Materials, LLC, Harleysville Materials Holding Company, LLC[1] and The Mount Group, LLC and Mount Construction Company, Inc.[2] (hereinafter collectively referred to as "Defendants") for violations of the Americans with Disabilities Act ("ADA" - 42 USC §§ 12101 *et. Seq*) and the Pennsylvania Human Rights Act ("PHRA").[3] Plaintiff was terminated by Defendants for discriminatory and retaliatory reasons, and he suffered damages more fully described/sought herein.

**JURISDICTION AND VENUE**

2.      This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this

---

[1] Defendants Harleysville Materials, LLC and Harleysville Materials Holding Company, LLC will hereinafter be collectively referred to as "Defendant HM."

[2] Defendants The Mount Group, LLC and Mount Construction Company, Inc. will hereinafter be collectively referred to as "Defendant MG."

[3] Plaintiff will seek leave to amend the instant lawsuit to add claims under the PHRA once properly administratively exhausted. Plaintiff was however required to initiate this lawsuit pursuant to a right-to-sue letter prior to such PHRA exhaustion. Plaintiff's PHRA claims will mirror identically his ADA claims.

2

judicial district, and in addition, Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5.      Plaintiff is proceeding herein under ADA and has properly exhausted his administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## **PARTIES**

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8.      Defendant HM is inclusive of Harleysville Materials, LLC and Harleysville Materials Holding Company, LLC, both of which are located at the same above-captioned address in Harleysville, PA and are in the business of providing soil-recycling services, operating quarries and selling aggregate stone blends for commercial and decorative purposes.

9.      Defendant MG is inclusive of The Mount Group, LLC and Mount Construction Company, Inc., both of which are located at the same above-captioned address in Berlin, NJ and are in the business of full-service construction contracting, including heavy highway construction, paving, and utility work.

10.      Upon information and belief, Defendant MG owns and operates Defendant HM.

11.      Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor

3

relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

12.    At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

13.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14.    Plaintiff was hired by Defendants on or about October 21, 2024.

15.    Plaintiff was functionally an employee of both Defendants.

16.    At all times during his employment with Defendants, Plaintiff worked as a member of Defendants' Dirt Crew (performing manual labor) at their 460 Indian Creek Rd, Harleysville PA 19348 address.

17.    While employed with Defendants, Plaintiff was supervised by the Superintendent, Steve Scott ("Scott").

18.    During his period of employment with Defendants, Plaintiff was a hardworking and dedicated employee with no history of progressive discipline before his unlawful termination on or about September 2, 2025 (discussed further *infra*).

19.    Plaintiff has suffered and continues to suffer from ADA-qualifying disabilities, including but not limited to an enlarged prostate and associated complications, which include pain and difficulty urinating due to constriction of the urethra.

20.    Beginning in or about the end of January 2025, Plaintiff began experiencing complications from his enlarged prostate.

4

21. Plaintiff's condition caused him to require more frequent bathroom breaks which would take longer than usual due to pain and a reduced ability to urinate.

22. On or about January 14, 2025, Plaintiff sought medical attention related to his disability at Grand View Health.

23. Plaintiff again sought medical attention on May 21, 2025, when he was admitted to the Grand View Health Emergency Department and fitted with an indwelling (attached to Plaintiff at all times) urinary catheter.

24. Following this visit to the Emergency Department, Plaintiff required a reasonable accommodation of a six-day leave from work from May 21, 2025 to May 27, 2025, with medical clearance to return to work on May 27, 2025 per the doctor's note.

25. Plaintiff provided the aforesaid doctor's note stating the same to Scott and was approved to take this six-day leave.

26. Plaintiff's indwelling catheter was removed some time before May 27, 2025.

27. Plaintiff requested an accommodation again on June 5, 2025, as he began urinating blood on the evening before on or about June 4, 2025.

28. On or about June 5, 2025, at 5:00am, Plaintiff notified Defendants, through Scott, of his disability and requested a reasonable accommodation in the form of a medical leave of absence while his physicians were scheduling surgery, as well as one week of recovery time post-surgery.

29. Plaintiff also explained that, upon information and belief at the time, he was going to need another indwelling urinary catheter to aid in urination, to which Scott responded that Plaintiff would not be allowed on the worksite for as long as he was utilizing an indwelling catheter.

5

30.    Plaintiff additionally explained that he intended to undergo surgery to eliminate the need for the catheter.

31.    Scott expressed displeasure with Plaintiff's need for medical leave.

32.    Despite his displeasure with Plaintiff's request, Scott approved Plaintiff's medical leave, stating that it would be "okay" for him to take the leave and instructed Plaintiff to provide Defendants with a doctor's note.

33.    Plaintiff complied with Scott's instruction and provided a doctor's note to Defendants on or about June 18, 2025.

34.    On June 6, 2025, Plaintiff visited the Emergency Room and was fitted with an indwelling catheter once again, which as discussed *supra*, was not intended to be permanent.

35.    Plaintiff contacted Scott on multiple occasions after June 5, 2025, about his health status, job, and intention to continue employment with Defendants after his medical leave.

36.    Plaintiff also maintained contact with Defendants' HR Manager, Stacey DeLaurentis (hereinafter "DeLaurentis") during his aforesaid medical leave.

37.    On or about June 20, 2025, Plaintiff received an email from DeLaurentis that stated: "[o]nce you are fully recovered, please provide a doctor's note clearing you to return to full duty,"

38.    DeLaurentis additionally provided Plaintiff with information on how to file for unemployment during his medical leave.

39.    Plaintiff was scheduled to undergo his aforesaid medically necessary surgery on July 22, 2025, which would eliminate the necessity of the indwelling catheter.

40.    However, Plaintiff's scheduled July 22, 2025 surgery was postponed, as he became aware that his health insurance with Defendants, unbeknownst to him, was cancelled as of June 26, 2025.

41. Defendants did not notify Plaintiff that his health insurance was cancelled, nor why it was cancelled.

42. Shortly thereafter, on or about August 6, 2025, the Pennsylvania Department of Labor denied Plaintiff's unemployment compensation claim, stating that he had "voluntarily quit" his employment with Defendants, which is entirely untrue.

43. As a result of not being able to undergo surgery due to his insurance being cancelled and his lack of income due to the denial of his unemployment claim, Plaintiff made other efforts to return to work without undergoing surgery, such as transitioning from an indwelling catheter to a disposable (intermittent) catheter in or about the end of July 2025.

44. As a result, on or about August 11, 2025, Plaintiff texted Scott asking him to come back to work and explained his current situation.

45. In response, Scott informed Plaintiff that he would check with the owner regarding an exact start date, but that he would likely place him in another, potentially less laborious, area called the shack upon his return.

46. Employee duties in "the shack" included operating switches, manning cameras around the site to alert other employees to actual and/or potential maintenance issues and preparing the plant for opening/closing.

47. To Plaintiff's surprise, shortly after his exchange with Scott, on or about September 2, 2025, Scott informed Plaintiff that he had been terminated since the day his insurance stopped because "you were only here like 3 months or so and didn't have enough time."

48. This was the first time that Plaintiff was ever informed that he had been terminated from his employment with Defendants.

49. DeLaurentis confirmed Plaintiff's termination with an email that stated:

7

> As communicated in prior correspondence, you did not meet the eligibility requirements for a medical leave of absence. Under company policy and applicable guidelines, an employee must have at least twelve months of continuous employment to qualify. Because you were not eligible for medical leave, your employment with Harleysville concluded ***as of your last day of work*** [June 5, 2025]. At this time, there is no position available for reinstatement.

50.    Defendants' blanket policy of automatically terminating non-FMLA eligible employees when they require medical leave is unlawful and clearly violates the ADA.

51.    Defendants' termination of Plaintiff's employment further violates the ADA because:

    i.    Defendants failed to engage in the interactive process to determine if Plaintiff's medical leave could be accommodated and instead terminated his employment simply because he was not eligible for FMLA;

    ii.    Defendants terminated Plaintiff's employment during his medical leave and thus, failed to keep his position open while he was utilizing a reasonable accommodation;

    iii.    Despite the fact that Scott represented that there was available work for Plaintiff in "the shack," DeLaurentis claimed there was no position available for Plaintiff to be reinstated;

    iv.    Upon information and belief, Defendants had positions available that Plaintiff could have returned to in August and September of 2025; and

    v.    Defendants misrepresented Plaintiff's employment status after June 5, 2025, misleading him to believe: 1) that he was still employed and 2) that his medical leave was approved, even after he was terminated.

8

52.    Based on the foregoing, Plaintiff believes and avers that he was terminated for discriminatory and retaliatory reasons in violation of the ADA.

## COUNT I
### Violations of the Americans with Disabilities Act, as amended ("ADA")
([1] Actual/Perceived/Record of Disability Discrimination;[2] Retaliation;
[3] Failure to Accommodate)

53.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

54.    Plaintiff's actual, perceived and/or record of disability was a motivating or determinative factor in Defendants' decision to terminate Plaintiff's employment.

55.    Plaintiff also believes and avers that Defendants terminated him in retaliation for engaging in protected activity, including requesting reasonable accommodations under the ADA.

56.    Lastly, Plaintiff believes and avers that he was terminated as a direct result of Defendants' failure to engage in the interactive process and/or accommodate his disability.

57.    These actions as aforesaid constitute violations of the ADA, as amended.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

B.    Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants and other employers from engaging in such misconduct in the future;

9

C.    Plaintiff is to be accorded with other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress/pain and suffering);

D.    Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law;

E.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F.    Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:  _____
Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: July 13, 2026

10

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Christopher Besash | : | CIVIL ACTION |
| v. | : | |
| Harleysville Materials, LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 7/13/2026 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                              Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?             Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same   Yes ☐
   individual?

5. Is this case related to an earlier numbered suit even though none of the above categories apply?                  Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.  *Federal Question Cases:***

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐  2.  FELA
☐  3.  Jones Act-Personal Injury
☐  4.  Antitrust
☐  5.  Wage and Hour Class Action/Collective Action
☐  6.  Patent
☐  7.  Copyright/Trademark
☐  8.  Employment
☐  9.  Labor-Management Relations
☒  10.  Civil Rights
☐  11.  Habeas Corpus
☐  12.  Securities Cases
☐  13.  Social Security Review Cases
☐  14.  Qui Tam Cases
☐  15.  Cases Seeking Systemic Relief  **\*see certification below\***
☐  16.  All Other Federal Question Cases. *(Please specify)*:_____

**B.  *Diversity Jurisdiction Cases:***

☐  1.  Insurance Contract and Other Contracts
☐  2.  Airplane Personal Injury
☐  3.  Assault, Defamation
☐  4.  Marine Personal Injury
☐  5.  Motor Vehicle Personal Injury
☐  6.  Other Personal Injury *(Please specify)*:_____
☐  7.  Products Liability
☐  8.  All Other Diversity Cases:  *(Please specify)*_____
    _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44  (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

BESASH, CHRISTOPHER

## DEFENDANTS

HARLEYSVILLE MATERIALS, LLC, ET AL.

**(b)** County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - mployment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)

Brief description of cause:
Violations of the ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    7/13/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____